IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52, *et al.*, ) ) ) ) ) | |
| ) | CIVIL ACTION |
| Plaintiffs, ) ) | NO. 06 C 0594 |
| v. ) ) | JUDGE JOAN B. GOTTSCHALL |
| SECURE SEALANT & RESTORATION, LLC, an Illinois limited liability company, d/b/a SECURE SEALANTS, INC., ) ) ) ) | |
| Defendant. ) | |

**PLAINTIFFS' MOTION TO REOPEN CASE FOR
THE LIMITED PURPOSE OF ENFORCING THE
TERMS OF A SETTLEMENT AGREEMENT
AND ENTERING JUDGMENT AGAINST DEFENDANT**

NOW COME Plaintiffs, CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52, *et al.*, by their attorneys, and move the Court for the entry of an Order reopening this action for the limited purpose of enforcing the terms of a Settlement Agreement entered into between the parties and filed with this Court on August 3, 2006, and for entering judgment against Defendant. In support of the Motion, Plaintiffs state as follows:

1. This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans collectively known as the Tuckpointers Local 52 Fringe Benefit Funds, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreement entered into with the Pointers, Cleaners and Caulkers Union Local 52 of the I.U.B.A.C. and the Agreements and Declarations of Trust under

which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to remit payment of contributions for work performed on behalf of its employees to the Plaintiff Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On August 3, 2006, this Court dismissed this cause of action with prejudice pursuant to the parties' Settlement Agreement. The Court retained jurisdiction to enforce the terms of the Settlement Agreement (a copy of the Court's Minute Order dated August 3, 2006 is attached as Exhibit "A").

3. On or about August 3, 2006, a Settlement Agreement incorporating the terms for settlement agreed to and stipulated by the parties was filed with this Court (a copy of the Settlement Agreement is attached as Exhibit "B").

4. Defendant acknowledged that it owes Plaintiffs $77,824.31 for fringe benefit contributions due for January 2004 and February 2006 through May 2006, $71,006.54 for liquidated damages for contributions paid late or remaining unpaid for January 2004 through May 2006 and $3,520.00 for court costs and attorneys' fees incurred by the Funds through July 31, 2006, as described in Paragraph 2 of the Settlement Agreement.

5. Defendant agreed that an express condition of the Funds' agreement to the payment schedule and their agreement to waive some of the assessed liquidated damages, Defendant must timely submit all reports and contributions to the Funds from the date of the Settlement Agreement at least until the payment schedule is completed, and that timely submission of all reports and contributions is an express condition of the Plaintiffs agreeing to terminate the instant litigation.

6. Defendant agreed to pay Plaintiffs $116,344.31, by way of the payment schedule below:

| Date Due | Payment Due |
|---|---|
| August 15, 2006 | $6,778.69 |
| August 30, 2006 | $2,916.67 |
| September 15, 2006 | $6,778.69 |
| September 31, 2006 | $2,916.67 |
| October 15, 2006 | $6,778.69 |
| October 31, 2006 | $2,916.67 |
| November 15, 2006 | $6,778.69 |
| November 30, 2006 | $2,916.67 |
| December 15, 2006 | $6,778.69 |
| December 31, 2006 | $2,916.67 |
| January 15, 2006 | $6,778.69 |
| January 30, 2006 | $2,916.67 |
| February15, 2006 | $6,778.69 |
| February 31, 2006 | $2,916.67 |
| March 15, 2007 | $6,778.69 |
| March 31, 2007 | $2,916.67 |
| April 15, 2007 | $6,778.69 |
| April 28, 2007 | $2,916.67 |
| May 15, 2007 | $6,778.69 |
| May 31, 2007 | $2,916.67 |
| June 15, 2007 | $6,778.69 |
| June 30, 2007 | $2,916.67 |
| July 15, 2007 | $6,778.69 |
| July 31, 2007 | $2,916.67 |

7. The Settlement Agreement provides that in the event Defendant fails to timely make any of the payments or timely submit all reports and contributions as agreed in Paragraphs 3 and 5 of the Settlement Agreement, Defendant shall be considered in breach of the Settlement Agreement. In the event of a breach of the Settlement Agreement, Plaintiffs shall be entitled to apply for reinstatement of this action for the limited purpose of entry of judgment against Defendant for any amounts due under Paragraphs 3 and 5 of the Settlement Agreement, liquidated damages that would

have been waived upon compliance with the Settlement Agreement, and any additional costs and attorneys' fees incurred by the Funds to collect those amounts.

8. Nothing contained in the Settlement Agreement required Plaintiffs to apply to the Court for reinstatement of the action in the event of a breach of the terms of the Settlement Agreement. If Plaintiffs decided in their discretion to permit additional time for Defendant to cure such breach, such allowance by Plaintiffs of additional time is not to be construed as a waiver of their rights under the Settlement Agreement.

9. On August 9, 2006, Plaintiffs' counsel wrote to Defendant and enclosed a fully-executed copy of the Settlement Agreement, a copy of the Court Order dated August 3, 2006 dismissing the case, and advised that payments pursuant to the payment schedule were due on the 15th and 30th of each month (a copy of the August 9, 2006 letter from Plaintiffs' counsel to Defendant is attached hereto as Exhibit "C").

10. Defendant is in breach of the Settlement Agreement because it has not timely made all payments required under the Settlement Agreement.

11. Plaintiffs have received the payments due from Defendant on August 15 & 31, 2006; September 15 & 30, 2006, October 15 & 30, 2006, and November 15, 2006, along with Defendant's regular monthly reports and contributions for July, August and September 2006 (due August 31, 2006, September 30, 2006, and October 31, 2006, respectively). However, Defendant's payments due on August 15 and 31, 2006 were not received until September 1, 2006, Defendant's payment due September 15, 2006 was not received until September 20, 2006, and Defendant's payment due October 30, 2006 was not received until November 15, 2006. Plaintiffs have not received Defendant's payments due under the Settlement Agreement on November 30, 2006 and December 15 and 30, 2006.

12. The Settlement Agreement also required Defendant to remain current with its monthly reports and contributions throughout the life of the repayment plan. Defendant's July 2006 report and contributions, due by August 31, 2006, were not received until September 1, 2006; Defendant's August 2006 report and contributions, due by September 30, 2006, were not received until October 5, 2006; and Defendant's September 2006 contributions due by October 31, 2006, were not received until November 15, 2006. Moreover, Defendant has not submitted the reports and contributions due for October or November 2006, which were due by November 30, 2006 and December 31, 2006, respectively.

13. Plaintiffs have incurred additional attorneys' fees in monitoring and enforcing the Settlement Agreement totaling $2,292.50, between August 1, 2006 and December 31, 2006 (Chapman Affidavit).

14. Plaintiffs previously filed a Motion to reopen the case and enter judgment on November 9, 2006, based on Defendants failure to comply with the terms of the Settlement Agreement. On November 14, 2006, Plaintiffs voluntarily withdrew that Motion after receiving all payments due through November 15, 2006.

15. Plaintiffs' counsel sent a letter to Defendant, dated November 15, 2006 (A copy of which is attached as Exhibit D), advising that the previous Motion was withdrawn, but that if Plaintiffs were required to file another Motion to reopen and enter judgment because of Defendant's breach, that such subsequent Motion would not be withdrawn.

16. Plaintiffs' counsel sent another letter to Defendant, dated December 7, 2006 (A copy of which is attached as Exhibit E), advising that Defendant was again in breach of the terms of the Settlement Agreement, and giving Defendant until December 15, 2006 to cure said breach. The

letter further reminded Defendant that if another Motion to enforce the Settlement Agreement was filed, that it would not be withdrawn.

      17.     In light of Defendant's current breach of the terms of the Settlement Agreement, and history of late payments under the Settlement Agreement, Plaintiffs hereby move the Court for the entry of an Order reinstating this action for the limited purpose of enforcing the terms of the Settlement Agreement and entering judgment against the Defendant. Specifically, Plaintiffs request:

    A.    That judgment be entered in favor of Plaintiffs and against Defendant to include the amount of $80,479.54, being the total amount remaining due pursuant to the installment payment schedule in the Settlement Agreement.

    B.    That judgment be entered in favor of Plaintiffs and against Defendant to include the amount of $36,006.54, representing liquidated damages that Plaintiffs previously agreed to waive above $35,000.00 for the period of January 2004 through June 2006, which was contingent upon Defendant's compliance with the terms of the Settlement Agreement.

    C.    That judgment be entered in favor of Plaintiffs and against Defendant to include an additional $2,292.50 in attorneys' fees incurred by the Plaintiffs between August 1, 2006 and November 30, 2006.

    D.    That Defendant be ordered to submit its completed contribution report forms for the months of October 2006 and November 2006, along with any contributions due thereon, within fourteen (14) days of the date of the Court's Order.

    E.    That judgment be entered in favor of Plaintiffs and against Defendant in the total amount of **$118,778.58**.

    F.    That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/   Patrick N. Ryan

Patrick N. Ryan  
Attorney for Plaintiffs  
BAUM SIGMAN AUERBACH & NEUMAN, LTD.  
200 West Adams Street, Suite 2200  
Chicago, IL  60606-5231  
Bar No.:  6278364  
Telephone:  (312) 236-4316  
Facsimile:  (312) 236-0241  
E-Mail:  pryan@baumsigman.com

## CERTIFICATE OF SERVICE

       The undersigned, an attorney of record, hereby certifies that he electronically filed the foregoing document (Plaintiffs' Motion to Reopen Case) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participants on or before the hour of 5:00 p.m. this 9th day of January 2007:

                Illinois Corporation Service Corp., Registered Agent
                Secure Sealant & Restoration, LLC
                801 Adlai Stevenson Drive
                Springfield, IL   62703-4261

                Mr. Ross Weissenhofer
                Secure Sealant & Restoration, LLC
                7970 S. Madison Street
                Burr Ridge, IL   60527


                                          /s/   Patrick N. Ryan


Patrick N. Ryan
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6278364
Telephone:  (312) 236-4316
Facsimile:  (312) 236-0241
E-Mail:  pryan@baumsigman.com

I:\52J\Secure Sealants\2006\second motion to reopen & judgment.pnr.mgp.wpd